UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ABRAHAM PORTNOV,<br><br>    Plaintiff,<br><br>    v.<br><br>PAUL S. GREWAL,<br><br>    Defendant. | Case No. 16-cv-05598-BLF<br><br>**ORDER DENYING MOTION TO REINSTATE AND MOTION TO REOPEN JUDGMENT**<br><br>[Re: ECF 12, 13] |

    Plaintiff Abraham Portnov filed this suit to challenge the conduct of Defendant Judge Paul S. Grewal when Judge Grewal was a judge in this District. ECF 2. The Court denied Plaintiff's application to proceed *in forma pauperis* and dismissed the case entirely because Judge Grewal is immune from damage liability for acts performed in his official capacity. *E.g.*, *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir.1986); ECF 10. Plaintiff has now filed a motion to reinstate the dismissed case and a motion to reopen judgment. ECF 12, 13. In his motions, Plaintiff argues that the Court has neglected to take into account Plaintiff's diversity jurisdiction and that he is permitted to sue federal judges under special conditions. Mot. 1, ECF 12.

    First, the Court must identify the proper procedural rule under which Plaintiff has submitted these papers before evaluating Plaintiff's motions. Plaintiff represented that he is moving to reopen judgment under Fed. R. Civ. Proc. 60, and alternatively, as a motion for reconsideration under Local Civil Rule 7-9(a). ECF 13. Plaintiff is not seeking to correct judgment to "reflect the actual intentions and necessary implications" of the Court's prior order. *Harman v. Harper*, 7 F.3d 1455, 1457 (9th Cir. 1993). Rather, Plaintiff argues that he should be allowed to sue Judge Grewal, contrary to the ruling made by the Court. Accordingly, Rule 60 would not be the proper rule for Plaintiff's motion. *Garamendi v. Henin*, 683 F.3d 1069, 1078

1  (9th Cir. 2012) (holding that "Rule 60(a)'s touchstone is fidelity to the intent behind the original
2  judgment"). Local Civil Rule 7-9(a) is also not applicable here because Rule 7-9(a) only applies
3  to pre-judgment motions for reconsideration. *E.g.*, *Sepehry-Fard v. Countrywide Home Loans,
4  Inc.*, No. 13-05769-BLF, 2014 WL 3821544, at *1 (N.D. Cal. Aug. 4, 2014).

Given Plaintiff is proceeding *pro se*, the Court shall liberally construe Plaintiff's motion and treat it as a timely filed motion to alter or amend judgment under Rule 59(e). *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Fed. R. Civ. Proc. 59(e) would be the proper procedural rule for Plaintiff to challenge the Court's final judgment and the Court will now turn to Plaintiff's arguments in his motions.

A motion "under Rule 59(e) should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1254 (9th Cir. 1999) (internal quotation and citation omitted). "A motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir.2009) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir.2000)).

Here, Plaintiff's basis for amending this Court's judgment appears to be his "diversity citizenship status." Mot. to Reinstate ("Mot") 1. Plaintiff argues that his "diversity jurisdiction" allows him to sue "federal judges upon special conditions." *Id.* Plaintiff alleges that Judge Grewal did not perform his duty "normally" but "illogically" and with "bias." *Id.* However, even assuming Plaintiff's assertion that there is diversity jurisdiction, Plaintiff's complaint still must be dismissed. As noted in the order dismissing this case, all of the actions Plaintiff complains about were taken by Judge Grewal in his role as a judge, presiding over Plaintiff's prior case in United States District Court. Compl. 1. In such a case, "[j]udicial immunity applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Ashelman*, 793 F.2d at 1075; *Sadorski v. Mosley*, 435 F.3d 1076, 1079 n.2 (9th Cir. 2006) (mistake alone is not sufficient to deprive a judge of absolute immunity). Plaintiff's

argument for "diversity jurisdiction" does not alter the fact that the doctrine of judicial immunity bars his claims. *Davis v. Passman*, 442 U.S. 228, 239 n.18 (1979) (noting "jurisdiction" refers to whether the courts have the power to hear a case while "cause of action" pertains to whether the plaintiff may invoke the power of the courts).

The Court briefly addresses other potential legal theories Plaintiff has raised, to the extent comprehensible. Plaintiff also contends that the Eleventh Amendment of the Constitution and the doctrine of state sovereign immunity permit him to sue Judge Grewal. Mot. 2, 4. Plaintiff's legal theory under the Eleventh Amendment is unclear and there is no authority stating that the Eleventh Amendment or the doctrine of state sovereign immunity abrogates judicial immunity here. *Hibbs v. Dep't of Human Res.*, 273 F.3d 844, 850 (9th Cir. 2001) (discussing when Congress can abrogate state sovereign immunity but not judicial immunity). Plaintiff mentions 28 U.S.C. section 455 but that statute pertains to whether a judge should be recused from a case and does not provide an exception to judicial immunity. Mot. 2. Plaintiff further cites *Forrester v. White*, which concerns a plaintiff who filed a discrimination suit against a judge in relation to the judge's administrative duties, such as supervising court employees and overseeing the efficient operation of a court, and not based on judicial acts. 484 U.S. 219, 229 (1988); Mot. 2. In contrast, the basis for Plaintiff's complaint here stems solely from Judge Grewal's conduct presiding over Plaintiff's prior case, including statements made in his order. Compl. Because such conduct relates to Judge Grewal's judicial duty, *Forrester* does not apply to this case. *See also* Order Dismissing Case, ECF 10. Plaintiff also cites to cases pertaining to standard of review on appeal and misstates the law on other cases, none of which demonstrate that the judgment entered was clear error. Mot. 3; e.*g.*, *Ashelman*, 793 F.2d at 1078-79 (overruling *Rankin v. Howard*, 633 F.2d 844, 849 (9th Cir. 1980), and holding that the allegations of "conspiracy between judge and prosecutor to predetermine the outcome of a judicial proceeding are insufficient to overcome those immunities").

In sum, the Court dismissed Plaintiff's case because judicial immunity bars his claims and Plaintiff has identified no newly discovered evidence, clear error, or intervening change in law to justify overturning this Court's dismissal of Plaintiff's case. Fed. R. Civ. Proc. 59(e).

1  Accordingly, the Court DENIES Plaintiff's motion to alter or amend judgment under Fed. R. Civ.
2  Proc. 59(e).

4  **IT IS SO ORDERED.**

6  Dated: December 12, 2016

_____
BETH LABSON FREEMAN
United States District Judge